585 F.2d 922
 James E. WILLIAMS and Junior Theobald, Individually and on
behalf of all other persons similarly situated, Appellants,
v.
MISSOURI BOARD OF PROBATION AND PAROLE, W. R. Vermillion,
Chairman, F. N. Strum and Dick Moore, Members of
the Board, Appellees.
 No. 78-1136.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 13, 1978.
Decided Oct. 27, 1978.
 
 Michael J. Thompson of Legal Aid of Western Missouri, Kansas City, Mo., argued; Ronald L. Roseman and Edward F. Ford, III, Kansas City, Mo., on briefs, for appellants.
 Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Mo., argued; John D. Asncroft, Atty. Gen., Jefferson City, Mo., on briefs, for appellees.
 Before HEANEY and STEPHENSON, Circuit Judges, and HANSON,* Senior District Judge.
 STEPHENSON, Circuit Judge.
 
 
 1
 On this appeal we are again confronted with the question of whether an inmate in a state prison is entitled to the protection of the due process clause of the Fourteenth Amendment in his consideration for release on parole. We are satisfied that the due process clause is implicated and, accordingly, we reverse and remand to the district court.[1]
 
 
 2
 The plaintiffs-appellants in this action are prisoners incarcerated in the Missouri State Penitentiary, Jefferson City, Missouri, who were eligible for parole but were denied release.[2] They sought relief under 42 U.S.C. § 1983, claiming that the due process requirements of the Fourteenth Amendment apply to parole release determination proceedings and that the procedures followed by the Missouri Board of Probation and Parole are constitutionally inadequate. The defendants-appellees are the Missouri State Parole Board and its three members (Board).
 
 
 3
 The district court, in an opinion issued prior to this court's decision in Inmates of Neb. Penal and Correctional Complex v. Greenholtz, 576 F.2d 1274 (8th Cir. 1978), Cert. granted, --- U.S. ----, 99 S.Ct. 76, 58 L.Ed.2d 107 (1978), held that an inmate's interest in the possibility of release on parole was not protected by the due process clause. Williams v. Missouri Bd. of Probation and Parole, 444 F.Supp. 473 (W.D.Mo.1978).
 
 
 4
 In Greenholtz, this court held that, in view of the Nebraska statutes, an inmate's right to consideration for parole was an aspect of liberty to which the due process clause applies. We stated that "since Nebraska has made parole an integral part of its penological system and provided that those eligible for parole are to be released on parole unless one of the reasons for denial specified in the statute is found to be present, the authority to deny parole must not be exercised arbitrarily. Neb.Rev.Stat. § 83-1,114 provides the inmates with a justifiable expectation rooted in state law that they will be conditionally released if they meet the statutory standards. Consequently, the Fourteenth Amendment due process clause is implicated." Inmates of Neb. Penal and Correctional Complex v. Greenholtz, supra, 576 F.2d at 1281.
 
 
 5
 The parties in the present case stipulated as to the structure of the Board and the procedures it employs in reaching its decisions on whether to grant parole. Those procedures were thoroughly discussed in the district court opinion and will not be restated here in detail.[3] See Williams v. Missouri Bd. of Probation and Parole, supra. We do note that under Mo.Ann.Stat. § 549.261 (Vernon), an inmate is entitled to make application for parole and shall be given a parole hearing after serving one-third of his sentence or 12 months, whichever is less, in an orderly and peaceful manner without having any infraction of the rules or laws of the institution reported against him. If the inmate does not so qualify he is given a hearing upon request after serving two-thirds of his sentence or two years, whichever is less. At a parole hearing an inmate is allowed to personally appear before the Board and present his reasons why he thinks he is ready for release on parole. If parole is denied after a hearing, an inmate's application for parole is "set-back" or continued for a maximum of five years although usually for not longer than one year. At the end of such time the inmate receives a review of his parole status. He is not allowed to personally appear at the review and the decision is made on the basis of the parole file. Prior to a review, an inmate is interviewed by an institutional parole officer whose report is contained in the inmate's parole file.
 
 
 6
 On appeal the Board argues that the Greenholtz decision is not dispositive of this case. The Board submits that the provisions of the Missouri statutes are sufficiently distinguishable from those of Nebraska to require a different result. Mo.Ann.Stat. § 549.261 (Vernon) provides:
 
 
 7
 Parole from state penal institutions, prisoners eligible, when interview by board rules
 
 
 8
 1. When in its opinion there is reasonable probability that the prisoner can be released without detriment to the community or to himself, the board shall release on parole any person confined in any correctional institution administered by state authorities. All paroles shall issue upon order of the board, duly adopted.
 
 
 9
 2. Any person who has been committed to a penal or correctional institution under the administration of the department of corrections, who has served either one-third of his time or twelve months of the time for which he was sentenced, whichever is a shorter period, in an orderly and peaceable manner without having any infraction of the rules or laws of the institution recorded against him shall be eligible to make application for parole and shall be given a hearing. Any person who has served two-thirds of his time or two years of the time for which he was sentenced, whichever is the shorter period, shall be eligible to make application for parole and shall be given a hearing. Paroles may be granted, however, before the minimum period specified has been served.
 
 
 10
 3. Before ordering the parole of any prisoner, the board shall have the prisoner appear before it and shall interview him. A parole shall be ordered only for the best interest of society, not as an award of clemency; it shall not be considered a reduction of sentence or a pardon. A prisoner shall be placed on parole only when the board believes that he is able and willing to fulfill the obligations of a law-abiding citizen. Every prisoner while on parole shall remain in the legal custody of the institution from which he was released but shall be subject to the orders of the board.
 
 
 11
 4. The board may adopt such other rules not inconsistent with law as it may deem proper or necessary, with respect to the eligibility of prisoners for parole, the conduct of parole hearings, or conditions to be imposed upon parolees. Whenever an order for parole is issued it shall recite the conditions thereof.
 
 
 12
 Although it is true that the language of the Nebraska and Missouri statutes is not identical, the statutes are similar in crucial aspects. Both statutes state that it is up to the Board to determine when parole should be granted. Both statutes provide that every inmate has the right to be considered for parole and have a hearing after meeting the eligibility standards prescribed by the statutes. Most importantly, both statutes anticipate that an inmate is to be released on parole unless he fails to meet certain statutory guidelines.[4] In sum, both statutes create the right to be considered for a parole and create a justifiable expectation rooted in state law that if the statutory criteria are satisfied the inmate will be released on parole. See Inmates of the Neb. Penal and Correctional Complex v. Greenholtz, supra, 576 F.2d at 1281; Franklin v. Shields, 569 F.2d 784, 789-90 (4th Cir. 1977), Rev'd en banc, 569 F.2d 800 (4th Cir. 1978) (reversed upon the grounds that "the only explicit constitutional requisite is that the Board furnish to the prisoner a statement of its reasons for denial of parole"). Compare Meachum v. Fano, 427 U.S. 215, 228, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Montanye v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). Therefore, the inmate's right to be considered for parole involves his liberty interest and must not be abrogated without compliance with the minimum due process procedures required under the circumstances. Inmates of the Neb. Penal and Correctional Complex v. Greenholtz, supra, 576 F.2d at 1281; Franklin v. Shields, supra, 569 F.2d at 788.
 
 
 13
 Having concluded that the due process clause is applicable, the question remains what procedural safeguards are necessary. In Greenholtz, we set out guidelines concerning the minimum due process requirements to be followed in the parole decisional process in Nebraska. We concluded that:
 
 
 14
 (A)s a minimum the due process clause of the Fourteenth Amendment requires the following: (1) Every inmate is to receive a formal parole hearing upon first becoming eligible for parole. Subsequent hearings are to be allowed in the discretion of the Board. (2) Each inmate is to receive a written notice of the date and hour of the hearing reasonably in advance. This notice shall contain a list of the factors which may be considered by the Board in making its determination. (3) Subject to security considerations, every inmate is allowed to appear in person before the Board and present documentary evidence in support of his application. In the absence of unusual circumstances an inmate does not have a constitutional right to call witnesses in his behalf. (4) A record of the proceedings which is capable of being reduced to writing must be maintained. (5) Within a reasonable time following the hearing, each inmate to whom parole was denied must be given a full and fair explanation, in writing, of the essential facts relied upon and the reasons for denial of parole.
 
 
 15
 Inmates of Neb. Penal and Correctional Complex v. Greenholtz, supra, 576 F.2d at 1285.
 
 
 16
 In addition to the requirements specified in Greenholtz, the plaintiffs in this case have requested that an inmate be given access to his parole file prior to his hearing or review so that he may correct, rebut, or explain any adverse information in the file.[5] The parties stipulated that the parole file contains such things as the presentence report; psychological and psychiatric reports; information concerning any previous periods spent on parole or probation while under the supervision of the Board; prison disciplinary reports; and a list of previous arrests and juvenile proceedings. See Williams v. Missouri Bd. of Probation and Parole, supra, 444 F.Supp. at 476. The parties also stipulated that the parole file sometimes contains comments or information submitted by law enforcement officials, the sentencing judge, or by anyone else who wishes to send their comments or other material to the Board. Id. at 477. Newspaper articles pertaining to an inmate's trial or conviction may also be maintained in a parole file.
 
 
 17
 It is obvious from the above list that many files may contain erroneous or misleading information which could flaw the parole decisional process if left unverified and unrebutted. In the past the Board's policy has been to not allow an inmate to inspect his parole file or to advise him of adverse information in the file. At a hearing an inmate is on occasion asked questions concerning information in the file. A decision following a review is based solely on the information in the file without input from the inmate.
 
 
 18
 Both the inmate and society in general have a substantial interest in seeing that a parole release determination is made on the basis of accurate information and informed discretion. See Inmates of Neb. Penal and Correctional Complex v. Greenholtz, supra, 576 F.2d at 1282. We are convinced that as a minimum due process requires that an inmate in Missouri seeking parole be advised of adverse information in his file. In order for an inmate to have meaningful consideration of his application for parole it is essential that he be apprised of such adverse information and given an opportunity to rebut or explain the parts he believes are incorrect. However, we are mindful that the state has legitimate interests in protecting confidential sources and maintaining security and discipline within the prison.
 
 
 19
 Although we are unwilling at this time to adopt it verbatim as a constitutional minimum, we do note with approval the federal regulations contained in 28 C.F.R. § 2.55. These regulations resolve the conflicting interests by providing that a prisoner is entitled to review reports and other documents in his file which will be considered at the parole hearing. Exceptions are made for those portions of the file which contain:
 
 
 20
 (1) Diagnostic opinions which, if known to the prisoner, could lead to a serious disruption of his institutional program;
 
 
 21
 (2) Material which would reveal sources of information obtained upon a promise of confidentiality; or
 
 
 22
 (3) Any other information which, if disclosed, might result in harm, physical or otherwise, to any person. The term "otherwise" shall be deemed to include the legitimate privacy interests of such person under the Privacy Act of 1974.
 
 
 23
 28 C.F.R. § 2.55. If one of the exceptions is invoked, then the file must contain a summary of the basic contents of the material to be withheld. See also Franklin v. Shields, supra, 569 F.2d at 794-95; Minn.Stat.Ann. § 15.165 (West). Cf. Fed.R.Crim.P. 32(c)(3) (disclosure of presentence reports). But see Franklin v. Shields, supra, 569 F.2d at 800-01 (en banc); Williams v. Ward, 556 F.2d 1143, 1159-62 (2d Cir. 1977); Holup v. Gates, 544 F.2d 82, 85-86 (2d Cir. 1976).
 
 
 24
 We remand this case to the district court so that, after consideration of the relevant Missouri statutes, the Board's current rules and regulations, the evidence presented in this case (including additional evidence introduced after remand, if necessary), the Greenholtz decision, and the instant opinion, it may decide what are the minimum due process requirements under the circumstances. The case should then be remanded to the Board for development of regulations implementing the guidelines delineated by the district court.
 
 
 25
 Reversed and remanded.
 
 
 
 *
 The Honorable William C. Hanson, Senior United States District Judge, Southern District of Iowa, sitting by designation
 
 
 [1]
 The Honorable William R. Collinson, United States District Judge for the Western District of Missouri
 
 
 [2]
 The two named plaintiffs have been released on parole. Their release on parole does not render the case moot, however, since it was properly certified as a class action under Fed.R.Civ.P. 23
 
 
 [3]
 Subsequent to the trial of this matter, but before the district court issued its opinion, the Board adopted new rules and regulations. The Board sought dismissal of the action as moot. The district court did not address the merits of this motion because of its holding that the due process clause does not apply to parole release determinations. The issue of mootness may be considered on remand
 
 
 [4]
 Mo.Ann.Stat. § 549.261 (Vernon) calls for a prisoner to be paroled when the Board determines that "there is (a) reasonable probability that the prisoner can be released without detriment to the community or to himself * * *." The Board has adopted more detailed guidelines, similar to those in Neb.Rev.Stat. § 83-1,114, to aid it in its determination. See Missouri Board of Probation and Parole, Rules and Regulations Governing the Granting of Paroles and Related Procedures 14-16 (1970)
 
 
 [5]
 The plaintiffs also claimed that they were entitled to have counsel present at the parole hearing. Both parties acknowledge that this issue is now moot. See Williams v. Missouri Bd. of Probation and Parole, supra, 444 F.Supp. at 475