**A. E. SMALLWOOD, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Appellee.**

**No. 78–1313.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 30, 1978.

Decided Nov. 3, 1978.

---

A. E. Smallwood, pro se.

John D. Ashcroft, Atty. Gen., and Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

A. E. Smallwood, an inmate at the Missouri Training Center for Men in Moberly, Missouri, brought this action under 42 U.S.C. § 1983 against the Missouri Board of Probation and Parole (the Board). Smallwood alleged that the Board violated his civil rights by utilizing constitutionally defective procedures in denying him parole. He sought injunctive and declaratory relief, including an order requiring the Board to reconsider his release. The district court[1] dismissed the action on two grounds: (1) most of Smallwood's claims have already been litigated in a class action brought on behalf of Missouri prisoners, including

1. The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

Smallwood; and (2) Smallwood's remaining claims are properly raised solely in a petition for a writ of habeas corpus and Smallwood has failed to exhaust his state remedies on these claims. Smallwood timely appealed. We affirm.

■ Smallwood's complaint alleged seven distinct challenges to the procedures employed by the Board. The district court dismissed five of these claims on the ground that the issues had already been adjudicated in *Williams v. Missouri Bd. of Probation and Parole,* 444 F.Supp. 473 (W.D.Mo. 1978). That case, a class action brought on behalf of all inmates in Missouri penal institutions who are or will be subject to the Board's jurisdiction and who are being or will be brought before the Board for a parole release hearing, raised the same issues as five of Smallwood's claims. Although that decision was reversed by this court, *Williams v. Missouri Bd. of Probation and Parole,* 585 F.2d 922 (8th Cir. 1978), the case will eventually effectively dispose of these five claims. The district court here ruled that Smallwood, as a member of the class in *Williams,* may not relitigate those issues. The judgment in a class action usually binds all members of the class. Although the *res judicata* effect of such a judgment on class members may be challenged on a variety of grounds, *see* 7A C. Wright & A. Miller, Federal Practice and Procedure § 1789 (1972 & Supp.1977), Smallwood has not challenged the court's conclusion that he is and will be bound by the result in *Williams.* The district court correctly resolved this aspect of the case.

Smallwood's two other claims, which the district court found to be outside the scope of the *Williams* class action, are that he was denied parole solely because he has not served a sufficient amount of time to satisfy some subjective standard that Board members have erected and that the decision denying him parole was based on inaccurate information about his involvement with drugs and/or alcohol. The primary question on this appeal is whether these claims may be brought under 42 U.S.C. § 1983 or whether they are properly raised only in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

■ The Supreme Court has held that habeas corpus is the exclusive federal remedy for a state prisoner seeking release from confinement or reduction in sentence. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In a habeas corpus action, a state prisoner must first seek redress in a state forum. So long as the state provides adequate remedies, the prisoner must exhaust those state remedies before seeking relief in federal court. *Id.* at 491–93, 93 S.Ct. 1827. A prisoner may, however, seek declaratory or injunctive relief or damages in an action under section 1983. *Wolff v. McDonnell,* 418 U.S. 539, 554–55, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). If a prisoner seeks both release from confinement and damages or injunctive relief in an action under section 1983, the court may properly dismiss the former claim while retaining the latter. *Id.; Kelsey v. State of Minnesota,* 565 F.2d 503, 506 (8th Cir. 1977).

In the present case, by requesting an order compelling reconsideration of the Board's action denying him parole, Smallwood, in effect, seeks release from confinement. Habeas corpus is the proper federal remedy for such an action, and under *Preiser v. Rodriguez, supra,* Smallwood must exhaust "adequate and available" state remedies before pursuing relief in federal court. Instead of pursuing his state remedies, Smallwood challenges the adequacy of his Missouri remedies. Smallwood's conclusory allegations of inadequacy fall far short of establishing "some clear manifestation on the record that a state court will not entertain [his] constitutional claims even if fairly presented * * *." *Eaton v. Wyrick,* 528 F.2d 477, 482 (8th Cir. 1975). Absent such a showing, the exhaustion requirement will not be disregarded as futile. *Id.*

The order of the district court is affirmed.