Claud M. BROWN, Appellant,

v.

W. R. VERMILLION, Appellee.

No. 78–1640.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 19, 1979.

Decided Feb. 23, 1979.

Robert C. Levy of Rich, Granoff, Levy & Gee, Kansas City, Mo., for appellant.

John D. Ashcroft, Atty. Gen., and Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Claud M. Brown, a Missouri state prisoner, brought a civil rights action attacking his parole release proceeding and resultant denial of release on constitutional grounds. He seeks an order that: (1) enjoins the Missouri Board of Probation and Parole members from denying him procedural due process at parole release proceedings; (2) requires them to set due process standards; (3) requires reconsideration of his release in accordance with such standards; (4) enjoins use of stereotyped reasons for denials; (5) requires establishment of relevant and specific criteria; and (6) requires a written statement of reasons for denial and of conditions to be met for a favorable decision in the future.

The district court held that Brown's claims must be presented in a petition for writ of habeas corpus, rather than a civil rights action under 42 U.S.C. § 1983. Because Brown did not allege he had exhaust-

ed his remedies in the Missouri courts, the district court dismissed the complaint. Applying this court's holding in *Inmates of Nebraska Penal & Correctional Complex v. Greenholtz*, 576 F.2d 1274 (8th Cir.), *cert. granted*, —— U.S. ——, 99 S.Ct. 76, 58 L.Ed.2d 107 (1978), the district court found Brown's appeal from the dismissal frivolous and denied a certificate of probable cause. This court granted a certificate.

Subsequently issues nearly identical to those presented in the instant appeal were decided by this court. *See Smallwood v. Missouri Board of Probation & Parole*, 587 F.2d 369 (8th Cir. 1978). The district court held the constitutional claims which were not already adjudicated in *Williams v. Missouri Board of Probation & Parole*, 585 F.2d 922 (8th Cir. 1978) (then on appeal to this court), sounded in habeas corpus and must therefore be dismissed for failure to exhaust state remedies. This court affirmed, basing its holding as to the above claims on Smallwood's request for a new parole release hearing:

> In the present case, by requesting an order compelling reconsideration of the Board's action denying him parole, Smallwood, in effect, seeks release from confinement. Habeas corpus is the proper federal remedy for such an action, and under *Preiser v. Rodriguez, supra*, [411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439] Smallwood must exhaust "adequate and available" state remedies before pursuing relief in federal court.

587 F.2d at 371.

As to Brown's claim for reconsideration, *Smallwood* thus requires that this claim must be brought by petition for writ of habeas corpus.

■ Brown's other claims for injunctive and declaratory relief, which are not governed by the holding in *Smallwood*, are virtually identical to claims presented in *Smallwood*, but not considered in that case by either the district court or this court, because of their prior adjudication in the *Williams* class action. These claims for relief do not bear as directly on Brown's release from confinement as would a new parole release hearing. Since they are virtually identical to claims considered by this court in the context of a 42 U.S.C. § 1983 civil rights action in *Greenholtz, supra*, and *Williams, supra*, the district court's dismissal of these claims on the ground that they sound exclusively in habeas corpus is incorrect.

■ Brown argues that the district court should have struck the claim for a new hearing and proceeded with these claims. We disagree. Brown concedes he is a member of the *Williams* class, and it appears that these claims are included in the pending *Williams* litigation. *Williams* is a due process challenge to parole release hearing procedures, brought on behalf of the class of all inmates incarcerated in Missouri penal institutions who are or will be brought before the Board of Probation and Parole for such hearings. This court reversed the lower court's holding that the due process clause did not apply. We remanded for consideration as to what minimum due process requirements would be in light of relevant Missouri statutes, current Board rules or regulations, the decision in *Greenholtz*, views expressed in the *Williams* opinion itself, and the evidence presented.

Although the particulars of Brown's objections to the hearing procedure vary somewhat from the objections raised in *Williams*, each case presents a broad procedural due process challenge and requests establishment of minimal due process requirements. In fact, Brown states that the allegations in *Williams* are "broader and more far-reaching" than those he raises and points to only one allegation that goes beyond *Williams*. This concerns the allegation that the Board be required to give written statements of "the conditions, which if fulfilled, would likely result in a favorable parole decision at a future specified date." This claim, however, is not substantially different from the request of the class in *Williams* for establishment and publication of factors and criteria used in decision making, and in the case of denial, a written statement of specific reasons, the factual basis, and the criteria and reasoning employed.

Thus, although the district court did not mention the *Williams* suit on grounds for dismissal of the entire complaint, we uphold dismissal on that basis. Brown will be bound by the result in *Williams* as a member of the class, see 7A C. Wright & A. Miller, Federal Practice and Procedure § 1789, at 180 (1972), and therefore dismissal of Brown's individual action was within the district court's discretion.

Judgment affirmed.