**Stokes McCRAY, Plaintiff,**

v.

**Christopher DIETZ, Defendant.**

**Civ. A. No. 80–2286.**

United States District Court,
D. New Jersey.

Dec. 11, 1980.

Stokes McCray, pro se.

John J. Degnan, Atty. Gen. of New Jersey by J. Michael Blake, Deputy Atty. Gen., Trenton, N. J., for defendant.

## OPINION

CLARKSON S. FISHER, Chief Judge.

The petitioner, Stokes McCray, an inmate at Rahway State Prison, moves this court for summary judgment pursuant to Fed.R. Civ.P. 56 to redress his constitutional rights under 42 U.S.C. § 1983. Defendant, Christopher Dietz as chairman of the New Jersey State Parole Board, also moves for summa-

ry judgment. The fundamental issue here is whether defendant denied petitioner due process of law by not providing petitioner parole consideration under New Jersey law after he was transferred from the Adult Diagnostic Treatment Center (ADTC) to Rahway State Prison. Petitioner requests an immediate parole hearing and $100 per diem compensatory damages for the alleged delay. For the reasons stated herein, this court grants petitioner's motion and orders immediate parole consideration and a hearing by the New Jersey Parole Board pursuant to N.J.S.A. 30:4–123.55. A hearing before this court on the issue of damages will be held in abeyance.

This case evolved out of the following facts. Petitioner was originally sentenced to thirty years imprisonment as a sex offender pursuant to N.J.S.A. 2A:164–3 and committed to the State Diagnostic and Treatment Center in February 1972 for examination (N.J.S.A. 2A:164–3) and report (N.J.S.A. 2A:164–4). An examination found petitioner's condition and conduct to be "characterized by a pattern of repetitive compulsive behavior." DEFENDANT BRIEF at 1; N.J.S.A. 2A:164–5. Petitioner remained in the Treatment Center until 1976, when he was referred to the newly-created ADTC. Petitioner was in the ADTC program until May 1978, when he was transferred to Rahway State Prison for uncooperative behavior. The reports on petitioner's condition have remained the same.

On July 15, 1980, petitioner was resentenced pursuant to N.J.S.A. 2C:47–1 et seq. to a twenty-year term with a mandatory minimum of five years and credit for the time served. Resentencing occurred under the Code of Criminal Justice in New Jersey, 2C:1–1(d)(2), effective September 1, 1979, whereby sentences prior to 1979 are adjusted to conform to that new law.

Under N.J.S.A. 2C:47–5, an ADTC inmate is not considered for parole until he is found to be "capable of making an acceptable social adjustment to the community." No parole hearing is given until such a recommendation is made. However, under

non-ADTC parole guidelines, N.J.S.A. 30:4–123.51(a) *et seq.*, an inmate is given parole consideration and a hearing after the minimum sentence or, alternatively, one-third the maximum sentence is served. Petitioner argues that, inasmuch as N.J.S.A. 2C:47–4(b) mandates that a transfer out of the ADTC invokes the usual parole guidelines, his transfer in 1978 made him eligible for an immediate parole hearing, since he had already served the minimum of five years and one-third the maximum sentence. Petitioner was never given parole consideration or a hearing in the two years since his transfer, and it is this delay that allegedly denied him due process.

Defendant argues that petitioner's claim is a state rather than a federal claim and, consequently, the lack of federal question ousts this court's jurisdiction. In addition, defendant asserts that petitioner should pursue this claim not by a § 1983 action, but by a *habeas corpus* petition under 28 U.S.C. § 2254. Since petitioner's proper avenue is *habeas corpus*, argues defendant, petitioner must exhaust his state administrative and judicial remedies. Next, defendant asks this court to abstain and allow the New Jersey state courts to confront the statutes' interpretation and/or possible unconstitutionality before the federal system is invoked. Finally, defendant argues that petitioner's claim that the defendant considers improper factors in making parole decisions is not ripe. This argument is based on the fact that petitioner has never been considered by the parole board and that the alleged improper factors do not affect parole eligibility decisions.

■ In order to resolve the exhaustion issue, the first consideration to be addressed is whether this action should be pursued as a *habeas corpus* petition or as a § 1983 action. A challenge that goes to the constitutionality of physical confinement and seeks either immediate release from that confinement or the shortening of its duration is an appropriate *habeas corpus* action with its concomitant requirement of exhausting state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d

439 (1972); *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); see also 28 U.S.C. § 2254(b) & (c). In contrast, an action challenging parole procedures but not demanding release or the granting of parole differs from an action before a court on *habeas corpus* in a very important aspect. Although the relief sought by a § 1983 action may improve the *chances* of parole, the question of release and of the length of confinement still lies within the sound discretion of the parole board, unlike *habeas corpus* which would automatically terminate the prisoner's confinement. *Williams v. Ward*, 556 F.2d 1143 (2d Cir. 1977) (where the court held a request for a second parole hearing to fall within the ambit of § 1983 rather than *habeas corpus*). Thus, if a damages action based on parole-procedure violations is non-frivolous and of sufficient substance to invoke federal jurisdiction, § 1983 is the appropriate remedy, *Wolff, supra* at 554, 94 S.Ct. at 2973, and there is no need to exhaust available state judicial or administrative remedies. *Preiser, supra* at 494, 93 S.Ct. at 1838.

■ Petitioner McCray does not assert that he is entitled to parole and should be released. His argument is that the parole board should consider his eligibility. Thus, this court believes that petitioner's claim for relief must be treated as a suit under § 1983 and not as a petition for a writ of *habeas corpus*. *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978). Petitioner, therefore, need not exhaust state remedies before this court entertains his claim.

■ Defendant asserts that the court should abstain from deciding this action in lieu of a state court interpretation, application and/or constitutional resolution of the relevant statute, N.J.S.A. 2C:47–4(b). The judicially fashioned abstention doctrine is usually employed to allow a state court construction of a statute that, if narrowly interpreted, would preclude or modify the federal constitutional question(s). *Railroad Comm. v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1940); *England v. Louisiana State Board of Medical Examin-*

ers, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1963). The abstention rule is most appropriate where the issue of state law is uncertain or unclear. *Wisconsin v. Constantineau*, 400 U.S. 433, 438, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1970). However, it is not necessarily significant that the state courts have yet to interpret the relevant statute since "... if a state statute is not fairly subject to an interpretation which will avoid or modify the federal constitutional question, it is the duty of the federal court to decide the federal question." *United States v. Livingston*, 179 F.Supp. 9, 12–13, *aff'd, Livingston v. United States*, 364 U.S. 281, 80 S.Ct. 1611, 4 L.Ed.2d 1719 (1959). Thus, if the relevant New Jersey statute is not unclear or possibly unconstitutional, this court should decide the due-process claim.

■ The New Jersey statute, N.J.S.A. 2C:47–4(b), is not unclear or subject to a narrowing interpretation by the state court. That statute specifically states that

> [t]he commissioner may, in his discretion, order the transfer of a person sentenced under this chapter out of the Adult Diagnostic and Treatment Center. *In the event of such a transfer, the conditions of confinement and release of such person transferred shall no longer be governed by this chapter.* (emphasis added)

It is apparent that this section intends to apply the usual parole guidelines (N.J.S.A. 30:4–123.51 *et seq.*) rather than ADTC guidelines (N.J.S.A. 2C:47–5) for inmates transferred out of ADTC. The statute is clear and, consequently, I will decide the due-process claim.

■ When there is an alleged denial of due process, the court must first inquire into the nature of the individual's claimed interest. *Board of Regents v. Roth*, 408 U.S. 564, 570–71, 92 S.Ct. 2701, 2705–06, 33 L.Ed.2d 548 (1972). This inquiry involves whether or not petitioner has "more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement." *Id.* at 577, 92 S.Ct. at 2709. "To be sure, there is no constitu-

tional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1978). Nor is there an entitlement to a hearing for petitioner rooted in the mere fact of transferral from ADTC to Rahway. *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). However, when a statute creates the right to be considered for parole and the justifiable expectation that, if statutory criteria are satisfied, the inmate will be released on parole, "the inmate's right to be considered for parole involves a liberty interest and must not be abrogated without compliance with the minimum due process." *Williams v. Missouri Board of Probation & Parole*, 585 F.2d 922, 925 (8th Cir. 1978); *Bradford v. Weinstein*, 519 F.2d 728, 731 (4th Cir. 1974) *vacated as moot*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). Thus, having created the right to application of the usual parole guidelines (N.J.S.A. 30:4–123.51 *et seq.*), the State of New Jersey should not be allowed to make petitioner wait two years for parole consideration once petitioner was transferred out of ADTC. See *Wolff, supra*. Doing such denied petitioner his right to due process of law.

The court is not unmindful that it was petitioner's uncooperative behavior that precipitated the transfer. However, that is a factor to be considered at the parole decision-making level and not as a justification for deprivation of petitioner's statutorily created right. Petitioner, having served the usual minimum sentence under New Jersey statute, should be given parole consideration and hearing.

The ripeness issue need not be addressed here. Suffice it to say that any improper factors considered by the parole board, assuming they do, could be the subject of a future attack by petitioner. However, since petitioner never received a hearing, the possible improper use of factors therein is not appropriate for this disposition.

All other arguments are without merit. An order accompanies this opinion.