James E. WILLIAMS and Junior Theobald, Individually and on behalf of all other persons similarly situated, Appellants,

v.

MISSOURI BOARD OF PROBATION AND PAROLE, W. R. Vermillion, Chairman; F. N. Strum and Dick Moore, Members of the Board, Appellees.

James E. WILLIAMS and Junior Theobald, Individually and on behalf of all other persons similarly situated, Appellees,

v.

MISSOURI BOARD OF PROBATION AND PAROLE, W. R. Vermillion, Chairman; F. N. Strum and Dick Moore, Members of the Board, Appellants.

Nos. 80–1728, 80–1788.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1981.

Decided Oct. 9, 1981.

Michael Thompson, argued, Ronald L. Roseman, Legal Aid of Western Mo., Kansas City, Mo., for Williams.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., argued, Jefferson City, Mo., for Missouri Bd. of Probation and Parole.

Before BRIGHT, HENLEY and ARNOLD, Circuit Judges.

HENLEY, Circuit Judge.

James E. Williams and Junior Theobald [1] appeal the decision of the district court holding that the Missouri parole statute, Mo.Rev.Stat. § 549.261, does not create a protected liberty interest in release on parole. We reverse the judgment and remand the case to the district court.

■ Appellants brought this civil rights action, 42 U.S.C. § 1983, in March, 1974 while they were incarcerated in the Missouri State Penitentiary at Jefferson City. A stipulation of facts and legal issues into which the parties entered in July, 1976 focused the controversy on whether the due process clause of the fourteenth amendment applied to parole release determinations and, if so, whether the Missouri procedures were constitutionally adequate. After a trial, the district court ruled in favor of the Board of Probation and Parole.[2] 444 F.Supp. 473. This court reversed the district court's decision, holding that "the inmate's right to be considered for parole involves his liberty interest and must not be abrogated without compliance with the minimum due process procedures required under the circumstances." *Williams v. Missouri Board of Probation and Parole*, 585 F.2d 922, 924–25 (8th Cir. 1978) (citations omitted), *vacated and remanded*, 442 U.S. 926, 99 S.Ct. 2853, 61 L.Ed.2d 293 (1979). On the Board's successful petition for certiorari, the United States Supreme Court vacated this court's judgment and remanded the case for further consideration in

light of the decision in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). *See Williams v. Missouri Board of Probation and Parole, supra*, 442 U.S. at 926, 99 S.Ct. at 2853, 61 L.Ed.2d at 293. This court subsequently remanded the cause to the district court, which again concluded that the Missouri statute did not create a protected expectation of release on parole. Williams and Theobald now appeal this decision, contending that the due process clause applies to parole release determinations in Missouri. In addition, appellants argue that due process requires that an inmate be allowed access to his parole file before parole release hearings and reviews [3] to correct, rebut, or explain any adverse information contained in the file.[4]

■ We conclude that inmates of Missouri penal institutions have a protected liberty interest, rooted in state law, in parole release. The Missouri parole statute, Mo.Rev. Stat. § 549.261, provides:

When in its opinion there is reasonable probability that the prisoner can be released without detriment to the community or to himself, the board shall release on parole any person confined in any correctional institution administered by state authorities.... [5]

Like the language of the Nebraska parole statute, Neb.Rev.Stat. § 83–1,114(1), considered in *Greenholtz, supra*, 442 U.S. at 1, 99 S.Ct. at 2100, 60 L.Ed.2d at 668, this

---

1. Appellants are the designated representatives of a class consisting of all inmates in Missouri penal institutions who are or will be subject to the jurisdiction of the Missouri Board of Probation and Parole and who will appear before the Board for a parole release hearing. At the time the cause was certified as a class action, appellants were incarcerated in the Missouri State Penitentiary at Jefferson City. Williams was released on parole in 1975. Theobald was paroled in January, 1978.

2. After trial but before the district court rendered its decision, the Board adopted certain rule changes relating to the relief sought by appellants.

3. An inmate appears personally at a parole hearing. A decision following a review, how-

ever, is based solely on the information contained in the file.

4. The Missouri Board of Probation and Parole has also cross-appealed the district court's implicit decision not to abstain in this cause. It is clear that abstention was neither required nor warranted under the facts of this case. Thus, without further discussion, we reject cross-appellant's argument in this regard. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 12, 99 S.Ct. 2100, 2106, 60 L.Ed.2d 668 (1979).

5. The Board of Probation and Parole has adopted detailed guidelines to aid in its parole release decisions. *See* 13 C.S.R. § 80–2.010(5) (1980).

language created a justifiable expectation that if the statutory criteria are satisfied, the inmate will be released on parole. The Nebraska parole provision at issue in *Greenholtz* provided:

> Whenever the Board of Parole considers the release of a committed offender who is eligible for release on parole, it shall order his release unless it is of the opinion that his release should be deferred because:
>
> (a) There is a substantial risk that he will not conform to the conditions of parole;
>
> (b) His release would depreciate the seriousness of his crime or promote disrespect for law;
>
> (c) His release would have a substantially adverse effect on institutional discipline; or
>
> (d) His continued correctional treatment, medical care, or vocational or other training in the facility will substantially enhance his capacity to lead a law-abiding life when released at a later date.

Neb.Rev.Stat. § 83–1,114(1). In considering this statute, the Court found that its "unique structure and language" created an expectancy of release entitled to "some measure of constitutional protection." *Greenholtz, supra*, 442 U.S. at 12, 99 S.Ct. at 2106. After examining the similar Missouri provision in the light cast by the *Greenholtz*

decision, we conclude that the Missouri law providing that *when* the statutory and regulatory guidelines are met the inmate *shall* be released on parole gives rise to the same protectible entitlement as the Nebraska scheme providing that the prisoner *shall* be paroled *unless* certain findings are made. *Compare* Mo.Rev.Stat. § 549.261 *with* Neb. Rev.Stat. § 83–1,114(1).

Having concluded that the due process clause is implicated, we must now determine whether inmates in Missouri penal institutions must be allowed access to their parole files. The parties in this case stipulated that the parole file contains the presentence report; psychiatric and psychological reports if available; prereview and progress reports;[6] and information concerning any prior juvenile proceedings, arrests, confinement, probation, or parole. The file may also contain newspaper articles concerning the inmate's trial or conviction and comments by law enforcement officials, the sentencing judge, or individuals who wish to support or protest a particular application for parole.

Although the Board of Probation and Parole has the discretionary authority to allow the inmate or his attorney to inspect certain privileged and confidential reports contained in the parole file,[7] Mo.Rev.Stat. § 549.285, the Board's policy is not to disclose any information in the files.[8] *See*

---

**6.** The parties also stipulated that "[a]fter reviewing the parole file and interviewing the inmates, institutional parole officers prepare 'progress reports' prior to scheduled parole hearings and 'prereview reports' prior to scheduled reviews." These reports generally contain summaries of the inmate's criminal and social history and of psychiatric and psychological reports (if available); a description of his institutional progress including information about infractions, his attitude, and his participation in institutional programs; a description of his plans after he is released on parole; and an evaluation of the inmate and a recommendation concerning parole release by the institutional parole officer.

**7.** Section 549.285 of the Missouri Revised Statutes provides:

> The presentence report, the preparole report and the supervision history, obtained in the discharge of official duties by any member or employee of the board, shall be privi-

leged and shall not be disclosed directly or indirectly . . ., except that the board or court may at their discretion permit the inspection of the report or parts thereof by the defendant or prisoner or his attorney . . . whenever the best interest or welfare of a defendant or prisoner makes the action desirable or helpful.

**8.** Dick D. Moore, a member of the Missouri Board of Probation and Parole at the time of trial in 1976, testified that the current Board policy of denying inmates access to their parole files is based on the Board's interpretation of the Missouri "sunshine" law, which authorizes any proceeding or record dealing with parole to be closed, Mo.Rev.Stat. § 610.025. The need for preserving the confidentiality of sources of information necessary for the parole decision is also articulated as a reason for the Board's no access policy.

Mo.Rev.Stat. § 549.151. As a policy matter the Board also does not advise inmates of adverse information submitted by judges, prosecutors, law enforcement personnel, or other persons. Further, it concedes that institutional parole officers, who interview inmates before parole hearings and reviews and summarize the contents of the parole files, do not have the time or resources to make independent investigations to verify the information given them by sources inside and outside the institution. Since there is no formal procedure by which the inmate can determine the existence of adverse information in the file, he remains unaware of it unless the matter is raised by a member of the hearing panel during the hearing. Any adverse materials placed in the file after an initial hearing resulting in a denial of parole simply remain out of the inmate's reach during subsequent parole reviews since such reviews are conducted without input from the inmate.

■ It is clear that the current Missouri policy presents a virtually insurmountable barrier for an inmate seeking to discover the existence of adverse factual information contained in his parole file. Inaccurate information in the file that remains unverified or unrebutted inflates the risk of erroneous decisions and could thus flaw the decisionmaking process. *See Greenholtz, supra,* 442 U.S. at 13, 99 S.Ct. at 2107. In our initial consideration of this case we stated:

> We are convinced that as a minimum due process requires that an inmate in Missouri seeking parole be advised of adverse information in his file. In order for an inmate to have a meaningful consideration of his application for parole it is essential that he be apprised of such adverse information and given an opportunity to rebut or explain the parts he believes are incorrect. . . .

*Williams v. Missouri Board of Probation and Parole, supra,* 585 F.2d at 925. We remain convinced that due process imposes the requirement that an inmate be advised of adverse information that may lead to an unfavorable decision and given an opportunity to address it.

In reaching this result, we recognize the state's strong and legitimate interests in preserving the confidentiality of sources of information necessary for parole release decisions[9] and in maintaining security and discipline within its institutions. Our decision in no way seeks to abrogate or minimize these interests.

We remand this case to the district court for a decision on the question what procedural safeguards are necessary in the circumstances of this case to comport with due process, including the requirement that an inmate be advised of adverse information that may lead to an unfavorable decision and given an opportunity to address it. On remand the court may take additional evidence, if necessary, and should consider the relevant Missouri statutes, the Board's current rules and regulations, the evidence of record, the *Greenholtz* decision, and the instant decision. It should then remand the case to the Missouri Board of Probation and Parole for promulgation of regulations implementing the guidelines set forth in the court's decision.

Reversed and remanded.

---

9. In their brief, appellants also recognize that important state interests may militate against disclosure of some items contained in the parole file.