Walter TOMICH, Plaintiff,

v.

MISSOURI BOARD OF PROBATION AND PAROLE, Carolyn V. Atkins, Chairman and Compact Administrator, Missouri Board of Probation and Parole; W.R. Vermillion, Board Member; Dick D. Moore, Board Member; Gail D. Hughes, Board Member; Patricia A. Parker, Secretary and Deputy Compact Administrator, Missouri Board of Probation and Parole, Defendants.

No. 80–0120–CV–W–5.

United States District Court, W.D. Missouri, W.D.

April 5, 1984.

Carol Fowler, Shook, Hardy & Bacon, Kansas City, Mo., for plaintiff.

John Ashcroft, Mo. Atty. Gen., Michael Elbein, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, District Judge.

Plaintiff, a state prisoner, has provisionally filed in forma pauperis a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983, seeking equitable relief to compel the Missouri Board of Probation and Parole to allow him to review his parole file to correct any erroneous information contained therein, to inform him of information that will be considered at his parole hearing, and to consider only his present conviction in determining whether he is entitled to parole. Pending before the Court is defendant's motion for summary judgment. The Court conducted a pretrial hearing during which the pending motion for summary judgment was discussed by counsel for both parties. Plaintiff was ably represented by appointed counsel.

In *Williams v. Missouri Board of Probation and Parole*, Civil Action No. 74–CV–125–W–2–8 (W.D.Mo.), a class of Missouri parole applicants sought equitable relief from the Court to compel the Missouri Board of Probation and Parole to adopt certain procedures to assure error-free decisions in determining whether or not to grant parole applications. Initially, the Court held that the then-existing parole statute did not grant Missouri prisoners a liberty interest in parole which was protected by the Fourteenth Amendment. *See Williams v. Missouri Board of Probation and Parole*, 444 F.Supp. 473 (W.D.Mo. 1978). On appeal, our Court of Appeals reversed that determination and held that "the [Missouri] inmate's right to be considered for parole involves his liberty interest and must not be abrogated without compliance with the minimum due process procedures required under the circumstances." *Williams v. Missouri Board of Probation & Parole*, 585 F.2d 922, 924 (8th Cir.1978). On certiorari to the Supreme Court, however, the case was remanded for consideration in light of its decision in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), which held that although the Fourteenth Amendment does not, in and of itself, create a liberty interest in release on parole, the unique characteristics of a state parole statute might. On remand, the Court again found that the Missouri statute did not create a liberty interest in parole. However, again on appeal, our Court of Appeals held that it did. *See Williams v. Missouri Board of Probation and Parole*, 661 F.2d 697 (8th Cir.1981). That determination was specifically founded upon the language of the existing parole statute.

Shortly after the last decision of our Court of Appeals in *Williams*, the Missouri legislature moved to enact a new parole statute, § 217.690, Mo.Rev.Stat. (Supp. 1982). That statute provides, in part, that "[w]hen in its opinion there is reasonable probability that an inmate of a state correctional institution can be released without detriment to the community or to himself, the board *may in its discretion* release or parole such person." (Emphasis added). That language replaced the mandatory language of the prior parole statute.

In view of the language change in the Missouri parole statute, the plaintiffs in *Williams* conceded that they could not reasonably claim a liberty interest arising from the statute or that their claims had not become moot. Relying upon the rationale of *Greenholtz*, the Court dismissed the

*Williams* case on September 28, 1982, as moot.

 Plaintiff clearly falls within the class certified in *Williams;* namely, he is an "inmate who [is] now or will be subject to the jurisdiction of the Missouri Board of Probation and Parole." Plaintiff's request to compel the Board to adopt procedures to correct erroneous information and to inform him of information to be considered at his parole hearing were raised in *Williams.* Accordingly, he is bound by the determination there. *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Poe v. John Deere,* 695 F.2d 1103, 1105 (8th Cir.1982); *Brown v. Vermillion,* 593 F.2d 321, 323 (8th Cir. 1979):[1]

Plaintiff has requested an order compelling the Parole Board to consider only the offense for which he is presently incarcerated in determining whether he should be granted parole. Plaintiff asserts that the Parole Board should not be allowed to consider his past convictions. This issue was not raised in the *Williams* class action, but has been addressed by both the Supreme Court and the Eighth Circuit.

 The decision of the Board of Parole to grant or deny parole is a "predictive judgment as to what is best both for the individual inmate and for the community." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). Accordingly, the Board may properly consider many factors, including, but not limited to, the length and seriousness of the applicant's prior criminal record, his institutional record, his family and marital background, the seriousness of the offense for which he was convicted, and the likelihood that he will commit future criminal of-

fenses of a similar nature in the future. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, supra; Roach v. Board of Pardons and Paroles, State of Arkansas,* 503 F.2d 1367, 1368 (8th Cir.1974), and *Scarpa v. United States Board of Parole,* 477 F.2d 278, 280–281 (5th Cir.1973), vacated and remanded for consideration of mootness, 414 U.S. 809 (1974). "The parole release decision ... depends upon an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive tasks of evaluating the advisability of parole release." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, supra* 99 S.Ct. at 2105. Due process does not require the Parole Board to operate in a factual vacuum.

Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment is granted.

---

1. Plaintiff asserts that he is not bound by the judgment in the *Williams* class action because the defendants have not demonstrated that notice was properly given in the *Williams* class action. On June 6, 1980, plaintiff filed a motion to strike wherein he discussed the pending *Williams* action and asserted that the *Williams* class action did not prohibit him from bringing this action. Obviously, plaintiff was aware of the class action. Further, *Williams* was certified as a Rule 23(a)(2) class action, thus there was no requirement that notice be given to class members. *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 256 (3d Cir.1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). Notification was not constitutionally required in *Williams.*