922 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Freddie L. HORNS,
v.
Patrick WHALEN, Warden, United States Parole Commission,
Richard L. Thornburgh, Attorney General of the
United States, Respondents-Appellees.
 No. 90-6068.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1990.
Decided Jan. 2, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert v. Bryan, Jr., Chief District Judge. (CA-89-1674-AM)
 Michele Jill Brace, Arnold & Porter, Washington, D.C. (Argued), for appellant; Bradley R. Duncan, M. Isabel Medina, Arnold & Porter, Washington, D.C., on brief.
 Michael A. Stover, General Counsel, United States Parole Commission, Chevy Chase, Md., (Argued), for appellees. Henry E. Hudson, United States Attorney, Dennis Szybala, Assistant United States Attorney, Alexandria, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE, Circuit Judge, BUTZNER, Senior Circuit Judge, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The plaintiff appeals from the district court's denial of his petitions for writs of mandamus and habeas corpus. Appellant Freddie Horns is a member of a class of plaintiffs in the case of Cosgrove v. Thornburgh (CA 80-0516), a case currently before the District Court for the District of Columbia. Because Horns' grievance is best dealt with there, we affirm the district court's decision not to decide the issue raised by Horns here.
 
 
 2
 Appellant Horns was sentenced in 1976 to six years of imprisonment under the U.S.Code for a firearms violation and ten to thirty years of imprisonment under the D.C.Code for murder. These sentences were subsequently aggregated into a single twelve to thirty-six year term. In July of 1988, his presumptive parole date was set for September 10, 1993. Later that year, following the direction of the United States District Court for the District of Columbia in Cosgrove v. Thornburgh, 703 F.Supp. 995 (D.D.C.1988), the United States Parole Commission ("the Commission") adopted a policy giving prisoners serving mixed sentences the benefit of the D.C.Code statutes. The Commission applied this policy to Horns in May of 1989, denying parole on the federal sentence and continuing for an initial hearing on the D.C.Code sentence to May 1990.
 
 
 3
 On June 30, 1989, the Commission established parole procedures for prisoners in Horns' situation which applied federal parole laws to federal sentences and D.C. parole laws to D.C. sentences to arrive at a total period of time which the inmate must serve. Upon completion of the total period of guidelines time, the Commission applies the point-score suitability determination of the D.C. Board of Parole to decide whether to parole the inmate. This point-score system operates on the basis of salient factors. Most important to this case is the fact that the D.C. parole guidelines allow the prisoner to improve his point score at each annual parole hearing, and the D.C. guidelines provide a more lenient threshold for parole suitability at a rehearing than at an initial parole hearing. Applying this system to Horns, the Commission found four points. Such a score precludes release.
 
 
 4
 Meanwhile, Horns had petitioned the United States District Court for writs of habeas corpus and mandamus. On March 2, 1990, the district court held that, due to a ten-year cap on parole eligibility under federal law, Horns had been eligible for parole on September 1, 1986 (as opposed to September 1, 1988), but the court declined to rule on what suitability guidelines should be applied to Horns because that issue was being considered by Judge Johnson in Cosgrove v. Thornburgh, the previously mentioned case in which Horns is a member of the plaintiff class.[1] Horns subsequently moved for reconsideration when the Commission applied the parole suitability point score contained in the D.C. regulations. The district court denied this motion as well.
 
 
 5
 This Circuit as well as several other courts of appeals and district courts have held that it is not an abuse of discretion for a court to decline jurisdiction over an issue pending in another court, particularly in the instance of a class action. In Briscoe v. Clarke, No. 87-6725, slip op. at 2-3 (4th Cir. May 31, 1988) (per curiam), this Court held in an unpublished opinion that Robert Briscoe, another member of the plaintiff class in Cosgrove, could not be heard in a separate action challenging the use of federal rather than District of Columbia guidelines because this was at issue in Cosgrove.
 
 
 6
 The Eighth Circuit Court of Appeals has reached a similar conclusion on two occasions. In Brown v. Vermillion, 593 F.2d 321, 322-23 (8th Cir.1979), that court dismissed the appellant's action which questioned criteria used by a parole board due to the case's similarity to a pending class action of which the appellant was a member. Further, the Eighth Circuit has held that it is error to allow a prisoner to prosecute a separate action once his class has been certified. Goff v. Menke, 672 F.2d 702, 704 (8th Cir.1982). "[I]n order to avoid duplicative actions as well as inconsistent interpretations of the same decree, wherever possible the individual claims should be processed by the same court...." Id.
 
 
 7
 The Third, Fifth, and Sixth Circuit Courts of Appeals join in this position. In Bryan v. Werner, 516 F.2d 233, 239 (3d Cir.1975), appellant could not bring a separate action challenging the adequacy of a prison law library when a class action challenging the same was pending elsewhere. In Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988), a prison inmate could not bring an action for equitable relief from allegedly unconstitutional Texas prison conditions because such a suit would interfere with the "orderly administration of [a similar] class action and risk inconsistent adjudications." Finally, in Groseclose v. Dutton, 829 F.2d 581, 582 (6th Cir.1987), prisoners could not bring a separate class action complaining of the conditions on Tennessee's death row when a class action involving the conditions throughout the Tennessee prison system was pending.[2]
 
 
 8
 In the instant case, it is clear that the district court did not abuse its discretion by declining to decide the issue of which suitability guidelines should be applied to Horns. The Notice from the District Court for the District of Columbia indicates that there will be separate decisions dealing with prisoners in Horns' position. The district court was correct to avoid the risk of inconsistent adjudications.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 In a Notice dated March 30, 1989, Judge Johnson stated the following: "Several issues in this case still remain to be decided. The Court will issue a separate Order concerning inmates serving both U.S.Code and D.C.Code sentences."
 
 
 [2]
 Several district courts have also recognized the utility of this position. Plaintiff's challenge to parole procedures would be adequately addressed in a pending class action. Tomich v. Missouri Board of Probation and Parole, 585 F.Supp. 939 (W.D.Mo.1984). Plaintiff's claims for declaratory and injunctive relief regarding police files would be dismissed as a similar class action was pending elsewhere. Reese v. Chicago Police Dep't, 602 F.Supp. 441 (N.D.Ill.1984). See also Woods v. Carey, 563 F.Supp 212 (N.D.Ill.1983) (case related to Reese, supra, in which prison inmate could not separately challenge use of police files due to pending action on same issue). Finally, in Monks v. United States Parole Comm'n, 463 F.Supp 859 (M.D.Pa.1978), the district court declined to entertain a prisoner's claim that the Sentencing Guidelines were used to defeat his statutory right to meaningful parole consideration at or prior to the completion of one-third of his prison term because this issue was before another judge in a class action of which the prisoner may have been a member