Joe WOODS, a/k/a Larry Eason,
Plaintiff,

v.

Bernard C. CAREY, Former State's Atty.,
Richard M. Daley, State's Atty., Joseph
LoCallo, Assistant State's Atty., Michael
John Madden, Assistant State's Atty.,
Gregory P. Vazquez, Assistant State's
Atty., Defendants.

No. 82 C 6783.

United States District Court,
N.D. Illinois, E.D.

May 5, 1983.

Joe Woods, a/k/a Larry Eason, pro se.

Terry McDonald, Asst. State's Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Joe Woods ("Woods"), a prisoner at the Stateville Correctional Center, brings this pro se complaint pursuant to 42 U.S.C. § 1983 asking damages, declaratory relief, and a new trial for the alleged violation of his federal constitutional rights. Named as defendants are the State's Attorney of Cook County, his immediate predecessor, and three assistant state's attorneys who were actively involved in the criminal prosecution of Woods. Before the Court is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.[1]

Woods was convicted of rape, kidnapping, and deviate sexual assault on September 30, 1980 and sentenced to a term of twenty years. In this action, he alleges that de-

1. In ruling on the motion, the Court has treated Woods' document entitled "Motion for a More Definite Statement or Alternatively, Enter Summary Judgment for Plaintiff" as a responsive brief.

fendants deprived him of a fair trial by concealing and failing to produce certain items of physical evidence and records of the victim's criminal history that he had sought in duly filed discovery motions. Woods also challenges the defendants' alleged policy and practice of concealing evidence compiled by police and maintained in unofficial "street files."

A prosecuting attorney has absolute quasi-judicial immunity from damages for those activities intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The failure to disclose material evidence is a prosecutorial act of misconduct intimately associated with the judicial phase of the criminal process. *Talley v. Crosson*, 663 F.2d 713, 721–22 (7th Cir.1981). Therefore, the Court grants defendants' motion to dismiss Woods' claim for damages on the grounds of prosecutorial immunity.

Woods' claim for injunctive relief, a new trial, is also unavailable in this Section 1983 action. Habeas corpus is the exclusive federal remedy for a state prisoner who seeks to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Accordingly, the claim for a new trial is dismissed without prejudice to Woods' right to pursue relief under 28 U.S.C. § 2254.[2]

Woods' remaining claim seeks a declaratory judgment against defendants' alleged practice of failing to produce exculpatory evidence contained in unofficial "street files" maintained by Chicago law enforcement officials. With respect to this claim, defendants note the pendency of another suit, *Palmer v. City of Chicago*, 562 F.Supp. 1067 (N.D.Ill.1983). As in this action, *Palmer* seeks injunctive and declaratory relief to remedy alleged constitutional abuses flowing from the maintenance of secret police "street files." *Palmer* was filed on behalf of two subclasses, one of which consists of those persons convicted of criminal offenses in the Circuit Court of Cook County and sentenced to probation or imprisonment. Woods is thus a member of this subclass. In an order dated March 31, 1983, Judge Milton I. Shadur concluded that *Palmer* was properly maintained as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. *Id.* 562 F.Supp. at 1075. Furthermore, on April 27, 1983, Judge Shadur entered a preliminary injunction which, in effect, grants plaintiff the relief he seeks against the State's Attorney of Cook County in this action.

As a member of the subclass, Woods will be bound by the resolution of the equitable and declaratory claims asserted in *Palmer*. *Brown v. Vermillion*, 593 F.2d 321 (8th Cir. 1979). Finding that the claim for declaratory relief that Woods raises in this action is encompassed by the litigation in the *Palmer* class action, the Court dismisses the declaratory claim without prejudice. *See Bryan v. Werner*, 516 F.2d 233, 239 (3d Cir.1975).

In conclusion, the Court grants defendants' motion to dismiss the complaint and directs that judgment enter dismissing this action. It is so ordered.

---

2. Petitioner has a habeas corpus petition currently pending before another judge of this Court. *United States ex rel. Woods v. DeRobertis*, 82 C 5092 (N.D.Ill. filed Sept. 22, 1982).

Ironically, with one exception, the issues presented in this complaint are not raised as grounds for relief in the habeas corpus petition.