John L. REESE, # A–25181, Plaintiff,

v.

CHICAGO POLICE DEPARTMENT; City of Chicago; Cook County State's Attorney's Office, County of Cook, Illinois; Richard Brzeczek; Milton Deas; Richard M. Daley; Bernard Carey; William Kunkle, Larry Hyman, Nicholas Ivarone and Melaine Volg, Assistant State's Attorneys; Joseph Shillis, S. Brankins, John Merriweather, and John Doty, Defendants.

Civ. A. No. 82 C 6692.

United States District Court, N.D. Illinois, E.D.

July 23, 1984.

John L. Reese, plaintiff, pro se.

Terry L. McDonald, Asst. State's Atty., Chicago, Ill., for County and Prosecutor.

Robert W. Fioretti, Asst. Corp. Counsel, Chicago, Ill., for City.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

Plaintiff John L. Reese, an inmate at the Pontiac Correctional Center, brings this *pro se* complaint seeking declaratory and injunctive relief and damages for the alleged violation of his federal constitutional rights in connection with his conviction for armed robbery, pursuant to 42 U.S.C. § 1983. The defendants named in this action are the Chicago Police Department, the City of Chicago, the former Superintendent of Police, the watch commander of Chicago Police Area 2, four Chicago Police officers (all of the above hereinafter City defendants); the County of Cook (hereinafter County defendant); and the Cook County State's Attorney's Office, the present and former State's Attorney of Cook County, the Chief of the Criminal Division and the head of Felony Review of the State's Attorney's Office, and two Assistant State's Attorneys (all of the above hereinafter Prosecutor defendants).

This cause is before the court on the City defendants, County defendant, and Prosecutor defendants' motions to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons stated below, the motions of the County and the Prosecutor defendants will be granted and the motion of the City defendants will be granted in part and denied in part.

■ In ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it is well settled that the court must "take [the plaintiff's] allegations to be true, and view them, together with reasonable inferences to be drawn therefrom, in the light most favorable to the plaintiff." *Powe v. City of Chicago,* 664 F.2d 639, 642 (7th Cir.1981). The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–2, 2 L.Ed.2d 80 (1957). It is equally well settled that *pro se* complaints, such as those of indigent prisoners like Reese, are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Reese's complaint contains allegations that the Chicago Police Department has maintained a policy and engaged in the practice of keeping unofficial reports on criminal investigations, known as "street files," which are not systematically made a part of the official files, preserved from destruction, nor made known and available to criminal defendants. The details of this practice first were revealed in the case of *People v. Jones,* Numbers 81–3632 and 81–4426, in the Circuit Court of Cook County. They also form the basis of a class action suit presently pending before Judge Milton I. Shadur in this court. *See Palmer v. City of Chicago,* No. 82 C 2349 (N.D.Ill.). This practice was preliminarily enjoined in a memorandum opinion and order issued by Judge Shadur on March 31 and April 27, 1983.

■ As part of his lawsuit, Reese seeks injunctive and declaratory relief to remedy the alleged constitutional abuses flowing from the practices regarding these "street files." The same relief is sought in the *Palmer* case. *Palmer* was filed on behalf of two subclasses, one of which consists of those persons convicted of criminal offenses in the Circuit Court of Cook County and sentences to probation or imprisonment. Reese is thus a member of that class, and his plea for declaratory and injunctive relief will be decided in the *Palmer* case and cannot be adjudicated by this court. Since the ultimate judgment in *Palmer* will bind all members of the certified class pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure, Reese is not able to maintain a separate equitable action. *Goff v. Menke,* 672 F.2d 702, 704 (8th Cir.1982). *See also Brown v. Vermillion,* 593 F.2d 321 (8th Cir.1979). His claims for declaratory and injunctive relief will therefore be dismissed without preju-

dice. *See Bryan v. Werner,* 516 F.2d 233, 239 (3d Cir.1975).

The question of damages for past street files abuses is not before the *Palmer* court. Therefore, if the practices alleged to have injured Reese state a claim for damages under 42 U.S.C. § 1983, that claim may be pursued in this court. Section 1983 provides for damages for the deprivation, under color of state law, of "any rights, privileges, or immunities secured by the Constitution and laws ..." Such a deprivation may be sustained by the suppression of evidence favorable to an accused by the prosecution. *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). When such evidence has been requested by a defendant, its suppression by the prosecution violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Id.* Since *Brady* only covers evidence actually requested, the practice described by Reese in which criminal defendants could not have requested their street files because they could not have known of their existence does not state a literal *Brady* violation. It does raise at least the possibility of a *Brady* violation, however, in that such conduct on the part of the State clearly thwarts the purpose of *Brady.* The Seventh Circuit has stated that *Brady* stands for the broader proposition that "[a] defendant's right to prepare the best defense he can and bring to the court's attention any evidence helpful to this case is constitutionally protected." *McDonald v. State of Illinois,* 557 F.2d 596, 603 (7th Cir.1977), *cert. denied* 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453.

As long as it is possible that Reese's complaint states a violation of constitutionally protected rights, dismissal of the damages portion of the plaintiff's complaint is not appropriate. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, should the defendants produce Reese's street file, if one exists, and demonstrate that it contains no evidence which would have been favorable to his defense, this court will then entertain a motion for summary judgment on their behalf.

There remains the question of whether the complaint adequately states a claim against certain defendants. The Chicago Police Department and the Cook County State's Attorney's Office, which do not enjoy separate legal existence independent of the City of Chicago and the County of Cook, respectively, are not suable entities and should therefore be dismissed. *Jordan v. City of Chicago, Department of Police,* 505 F.Supp. 1, 4 (N.D.Ill.1980); *Mayes v. Elrod,* 470 F.Supp. 1188, 1192 (N.D.Ill.1979). Furthermore, all of the individual State's Attorneys and Assistant State's Attorneys named in this action enjoy absolute prosecutorial immunity from claims for money damages. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The plaintiff's claims against these defendants will thus also be dismissed. *See Joe Woods v. Bernard C. Carey, et al.,* 563 F.Supp. 212 (N.D.Ill.) (Memorandum Opinion and Order of Judge Aspen dated May 5, 1983). Moreover, since the County of Cook has no statutory involvement, powers, or duties regarding criminal prosecutions conducted by the State of Illinois, no cause of action has been stated against this defendant and it too will be dismissed.

*Conclusion*

For the reasons stated above, the motions of the County and Prosecutor defendants to dismiss the complaint will be granted. The motion of the City defendants to dismiss will be granted only as to defendant Chicago Police Department, and denied as to the remaining defendants. However, plaintiff's claims for declaratory and injunctive relief against the remaining City defendants are hereby ordered stricken.