937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Thomas William SMITH, Jr., Plaintiff-Appellant,
v.
CITY OF CHICAGO POLICE DEPARTMENT, Mayor of the City of
Chicago, Chief of the Chicago Police Department, Inv. Martin
Ryan, No. 7431, Inv. Steve Glynn, No. 12135, Inv. Brian
Regan, No. 11196, and Inv. Sprageu Baker, No. 4258,
Defendants-Appellees.
 
 No. 89-2133.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 27, 1991.*
Decided July 12, 1991.
Rehearing Denied Aug. 8, 1991.
 Before CUMMINGS, POSNER, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Thomas Smith, Jr. appeals the district court's grant of summary judgment to the defendants on his 1985 complaint brought pursuant to 42 U.S.C. Sec. 1983 concerning his arrest on an allegedly invalid arrest warrant. The district court found that the claim was barred by the principles of res judicata and collateral estoppel.
 
 
 2
 Chicago police officers arrested Smith on October 10, 1978 in Bartlett, Illinois in DuPage County. On September 13, 1979, Smith filed a Sec. 1983 action claiming that Chicago Police Detectives Baker, Ryan, Glynn and Regan violated his civil rights in connection with the October 10, 1978 arrest. Smith v. Strunck, No. 79 C 3808 (N.D.Ill. Nov. 16, 1983). Smith specifically alleged that the police officers mentally, physically and sexually abused him and stole his personal belongings. He also alleged that the state trial judge treated him unfairly. A jury returned a verdict in favor of the defendants.
 
 
 3
 The district court found that the suit initiated in 1979 barred the filing of this suit under the principles of res judicata.[1] We agree.
 
 
 4
 Because Smith brought the earlier Sec. 1983 action in federal court, the federal rules of claim preclusion apply. Conner v. Reinhard, 847 F.2d 384, 394 (7th Cir.1988), cert. denied, 488 U.S. 856 (1988). Res judicata bars a subsequent suit when there is: "(1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." Id. In addition, res judicata bars not only the issues that were actually litigated, but also bars any issues which could have been raised in the prior lawsuit. Shaver v. F.W. Woolworth Co., 840 F.2d 1361, 1364 (7th Cir.1988), cert. denied, 488 U.S. 856 (1988).
 
 
 5
 Smith contends that the district court erred in finding an identity of the parties.[2] The Police Department, Mayor and Chief of Police, sued in their official capacities in this action, were not named in the earlier suit. Because these individuals were named only in their official capacity, the real party in interest is the municipality. See Yeksigian v. Nappi, 900 F.2d 101, 103-04 (7th Cir.1990); Conner, 847 F.2d at 394. "[I]n official-capacity suits, privity exists between government entities and their employees." Gray v. Lacke, 885 F.2d 399, 495 (7th Cir.1989) (citations omitted), cert. denied, 110 S.Ct. 1476 (1990). Because the governmental entity was the real party in interest, the Mayor and Chief of Police were privies to the four Chicago police officers named in both actions. The district court also correctly determined that Smith's claim against the Police Department is a suit against an organizational division of the City and therefore not a separate suable entity. See Reese v. Chicago Police Department, 602 F.Supp. 441, 443 (N.D.Ill.1984); Jordan v. Chicago, Department of Police, 505 F.Supp. 1, 4 (N.D.Ill 1980).
 
 
 6
 Smith also challenges the district court's determination that there is an identity of the causes of action. He claims that the invalidity of the arrest warrant is new evidence that was unavailable when he filed the first suit.[3] We are not convinced. Smith alleged in his first Sec. 1983 complaint that his arrest was not pursuant to a valid warrant.[4] The record also demonstrates that Smith brought motions to quash the arrest and to suppress evidence from the arrest during his criminal trials in the Illinois state courts. Smith also raised the question of the validity of the warrant in the Illinois appellate court. This evidence demonstrates that Smith knew the arrest warrant was invalid when he filed the first suit. The claims Smith now raises could have been brought in his prior Sec. 1983 action.
 
 
 7
 Smith does not challenge the finding that he received a final adverse judgment on the merits in his previous Sec. 1983 action.
 
 
 8
 The district court correctly determined that this suit is barred by the doctrine of res judicata.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The district court also held the suit was barred by collateral estoppel because Smith raised many of the same issues during his criminal trial and appeal that followed the arrest. The Illinois appellate court found that the police did not need a warrant for the arrest because probable cause existed based upon prior identification of Smith by three robbery victims. The court concluded that "[s]ince the arresting officers had probable cause, we need not address the invalid warrant arguments made in defendant's pro se brief." People v. Smith, No. 80-1467, slip op. at 4-5 (Ill.App.Ct. 1st Dist. May 19, 1983). However, our decision makes it unnecessary for us to consider collateral estoppel
 
 
 [2]
 Smith concedes that the four police officers were named in their official capacity in both lawsuits
 
 
 [3]
 Smith alleges that he was arrested pursuant to an invalid, outdated Violation of Probation warrant. The defendants do not dispute that the warrant was invalid when Smith was arrested
 
 
 [4]
 The complaint in Smith v. Strunck stated that Smith's arrest was based "on a warrantless arrest for the offense of Violation of Probation, later to be changed to Armed Robberies." On July 11, 1981, Smith filed a "Motion for Plaintiff to Participate as Co-counsel in His Complaint, and to be Present During Status Hearing" in the Strunck case. In this motion, Smith stated that he had been arrested "absent a VALID arrest or search warrant." (emphasis in original). Smith also stated in this motion that he filed a "Motion to Quash Arrest and Suppress Evidence" on August 17 and 18, 1979 in state court criminal proceeding no. 78 C 5957