**Kevin COOPER, Plaintiff,**

v.

**Ronald SMITH, et al., Defendants.**

**No. 95 C 6680.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 27, 1996.

---

Kevin Cooper, Joliet, IL, Pro Se.

Irene Schild Caminer, Sharon Baldwin, Margaret Ann Carey, Patricia Jo Kendall, Corporation Counsel, Susan S. Sher, Julie Michelle Rubins, City of Chicago Department of Law, for Matt Rodriguez.

Yvonne S. LaGrone, John F. McGuire, City of Chicago Law Department, Chicago, IL, for Ronald C. Smith, Robert A. Loughran, J. Lux, Mzorek, Pistello, M. Askew, G. Williamson, D. Wicht.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are two motions to dismiss plaintiff Kevin Cooper's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which the court can grant relief. One is brought by defendant Matt Rodriguez; the other by defendants Ronald Smith, Marsha R. Askew, Darlene D. Wicht, Gregory Williamson, Joseph Lux, Robert Loughran, Bernard Pistello, and Debra Mzorek (collectively, "defendants"). For the reasons that follow, the court grants the motions to dismiss.

### I. BACKGROUND

According to Cooper's complaint, on February 12, 1994, Officer Ronald Smith came to Cooper's home on a complaint by Cooper's girlfriend, Demetrice Pruitt, that her child

was injured and was inside Cooper's house. Pruitt also lived with Cooper. When the police arrived at Cooper's house, Cooper opened the door and told the police that an injured child was in the house, and that the child's mother could come in the house but that the police could not come in the house. In front of the police, Cooper accused his girlfriend of lying to the police by telling them that Cooper had held her against her will for two days and that Cooper would not let her get her child.

Officer Smith forced his way into Cooper's house, and Pruitt got her child. The police arrested Cooper and searched his house over Cooper's objection and while Cooper was in handcuffs. Though Cooper's complaint does not state so, Cooper eventually was convicted of child battery charges stemming from the February 12, 1994, incident. He is now in prison serving a 30–year sentence based on those convictions.

Cooper brought this action under 42 U.S.C. § 1983. He alleges that based on the February 12, 1994, incident, he was subjected to cruel and unusual punishment, malicious prosecution, false imprisonment, and an illegal search and seizure in violation of his constitutional rights.

## II. *DISCUSSION*

### A. *Standard for deciding a motion to dismiss*

 When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Board of Educ.*, 811 F.2d 1030, 1039

(7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### B. *Cooper's claims against defendant Matt Rodriguez*

 Defendant Matt Rodriguez contends that because Cooper's claims are against Rodriguez in his official capacity, they are really against the City of Chicago.[1] Rodriguez argues that a claim against the city must allege that an official policy or custom of the city was the proximate cause of the plaintiff's alleged constitutional deprivation. According to Rodriguez, Cooper's complaint fails to do so, and should be dismissed. The court agrees.

 Official capacity lawsuits are, in effect, lawsuits against the government entity for which the official works. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978); *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). A section 1983 plaintiff suing a government official in his official capacity and therefore seeking to hold the government entity liable must show that the government entity was a "moving force" behind the deprivation. *Graham*, 473 U.S. at 166, 105 S.Ct. at 3105 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981) (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037)). Thus, to maintain an official capacity claim under section 1983, a plaintiff must allege that a policy, custom, or practice of the government entity deprived the plaintiff of a constitutionally protected interest. *Monell*, 436 U.S. at 690–91, 98 S.Ct. at 2035–36; *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir.1995).

Cooper's complaint mentions neither Rodriguez nor any policies or customs of the city or police department that may have violated

---

1. Cooper has stated unequivocally that he sued Rodriguez only in his official capacity as superintendent of the Chicago Police Department. (*See* Pl.'s Mot. for Leave to Amend 42 U.S.C. 1983 Complaint Clarifying Legality of Law Stating the Capacities Each Defendant's *[sic]* are Being Sued for *[sic]* in the Present Case Herein at Bar at 1–2.)

Cooper's constitutional rights. However, in his response to defendants' motion to dismiss, Cooper states that "custom[s] and policies are made in the [C]ity of [C]hicago police department." (Plaintiff Kevin Cooper [*sic*] Pro–Se Motion to Remonstrate to Defendants [*sic*] Motion [*sic*] to Dismiss (hereinafter "Pl.'s Resp. to Defs.' Mots. to Dismiss") at 8.) Cooper alleges that these customs and policies are not always posted and in plain view, but nonetheless must be complied with within the police department. (*Id.*) Cooper alleges that it is a violation of custom and policy when one signs "tainted" police reports. (*Id.* at 6.)

Cooper fails to allege that any official policies, customs, or practices of the police department or city deprived him of his constitutional rights. Moreover, Cooper's allegations preclude his claim against Rodriguez in his official capacity. Cooper alleges essentially that the police department has policies and customs that officers must comply with, but that the defendants in this case violated those policies and customs. Consequently, it was not the police department's policies, customs, or practices themselves, but rather was the violation of the policies, practices, or customs, that caused Cooper's alleged injuries.

Accordingly, Cooper has not stated and cannot state a claim against Rodriguez in his official capacity (or more accurately, against the City of Chicago).[2] Cooper's claims against Rodriguez in his official capacity are dismissed, and Rodriguez is dismissed as a defendant in this case.

## C. *Cooper's claims against the remaining defendants*

Cooper's claims against the remaining defendants are against the defendants in their individual capacities. The court will address each claim on its merits.

### 1. Cruel and unusual punishment

■ Cooper claims that he was subjected to cruel and unusual punishment under the Eighth Amendment when, at the time of his arrest, he was placed in a police van handcuffed with his hands behind his back. (Compl. at 5b.) Defendants argue that the Eighth Amendment's protections did not apply to Cooper at the time of his arrest. The court agrees.

■ The Eighth Amendment applies only after the state "has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Ingraham v. Wright,* 430 U.S. 651, 671 n. 40, 97 S.Ct. 1401, 1412 n. 40, 51 L.Ed.2d 711 (1977) (citing *United States v. Lovett,* 328 U.S. 303, 317–18, 66 S.Ct. 1073, 1079–80, 90 L.Ed. 1252 (1946)). This is because the state "does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Ingraham,* 430 U.S. at 671 n. 40, 97 S.Ct. at 1412 n. 40.

Obviously, at the time of his arrest, Cooper had not undergone "a formal adjudication of guilt in accordance with due process of law." *See id.* Thus, Cooper has no cruel and unusual punishment claim under the Eighth Amendment based on his being held handcuffed in a police van after his arrest.

### 2. Malicious prosecution

■ Cooper claims that he was subjected to malicious prosecution. He alleges that the case against him was based on "tainted evidence, lies, fraud and concealment, and deceit." (Compl. at 5a.) Cooper alleges that various defendants suppressed evidence that was favorable to him; testified falsely to the grand jury; prepared "tainted" police reports; and manufactured evidence against him. (*Id.* at 5, 5a.)

2. The Chicago Police Department is not a suable entity. *See, e.g., Reese v. Chicago Police Department,* 602 F.Supp. 441, 443 (N.D.Ill.1984). Thus, even if Cooper had alleged that an official policy, custom, or practice of the police department or city deprived him of his constitutional

rights, his claim would be against the City of Chicago rather than Matt Rodriguez in any capacity. The court dispenses with this distinction simply for the purpose of this opinion, and only because Cooper does not state a claim against either Matt Rodriguez or the City of Chicago.

To state a claim for malicious prosecution under section 1983, a plaintiff must satisfy the elements of a state law malicious prosecution action. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir.1996) (citing *Smart v. Board of Trustees of University of Illinois*, 34 F.3d 432, 434 (7th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 941, 130 L.Ed.2d 885 (1995)). To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that he was subjected to judicial proceedings for which no probable cause existed; the defendants instituted or continued the proceedings maliciously; the proceedings were terminated in the plaintiff's favor; and the plaintiff was injured. *Reed*, 77 F.3d at 1051 (citing *Curtis v. Bembenek*, 48 F.3d 281, 286 (7th Cir.1995) (citations omitted)).

Cooper has not stated and cannot state a claim for malicious prosecution under Illinois law because the allegedly maliciously instituted proceedings were not terminated favorably to Cooper. Rather, Cooper was convicted and is now in prison based on the proceedings that began with his arrest on February 12, 1994.

Cooper alleges in his complaint that the original case against him following his February 12, 1994, arrest, case number 94 CR 5129, ended in a *nolle prosequi.* (Compl. at 5.) The court assumes that Cooper means to allege that the case was terminated favorably to him. However, defendants point out that case number 94 CR 5129 ended in a *nolle prosequi,* that is, was not prosecuted, because it was superseded by the indictment in case number 94 CR 9274. Cooper concedes this. (See Pl.'s Resp. to Def.'s Mot. to Dismiss at 3.) Moreover, Cooper was convicted in case number 94 CR 9274 of the crimes for which he was arrested on February 12, 1994.

Because the allegedly malicious prosecution of Cooper by defendants did not terminate in Cooper's favor, he has no claim for malicious prosecution.

### 3. False imprisonment

In his complaint, Cooper states that he brings a cause of action for false imprisonment. However, he does not state on what ground his false imprisonment claim rests or allege any facts supporting a false imprisonment claim. (Compl. at 5b.) He also does not state who, among the defendants, falsely imprisoned him. Moreover, in his response to defendants' motions to dismiss, Cooper seems to abandon his false imprisonment claim. He states that his complaint alleges claims for cruel and unusual punishment, malicious prosecution, and illegal search and seizure (*See* Pl.'s Resp. to Defs.' Mots. to Dismiss at 1–2, 5, 6.)

The Federal Rules of Civil Procedure require " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103 (quoting FED. R.CIV.P. 8(a)(2)). Cooper's false imprisonment allegation gives defendants absolutely no notice of the nature of his false imprisonment claim or the grounds on which it rests.

Accordingly, Cooper has not sufficiently pleaded a claim for false imprisonment. However, it is conceivable that Cooper can amend his complaint to allege facts supporting a false imprisonment claim. Therefore, the court grants Cooper leave to amend his complaint to allege a false imprisonment claim in accordance with this opinion.

### 4. Illegal search and seizure

Cooper alleges that some of the police officer defendants conducted an illegal search of and seizure in his home. He alleges that even though he told the police they could not enter his home, they entered and searched it without a search warrant, but did not find anything. (Compl. at 5.) However, then plaintiff was taken to the police station, and five hours later, the police "came up with a gun that they alleged they found in the house." (*Id.*)

Cooper's illegal search and seizure claim is not well-pleaded. Cooper bases his claim on the fact that the officers did not have a search warrant. Cooper is correct that a warrantless entry into a home to conduct a search is "presumptively unreasonable." *See United States v. DeSoto*, 885 F.2d 354, 368 (7th Cir.1989). However, a search

of a home may be valid without a warrant under certain "'specifically established and well-delineated exceptions.'" *See id.* (citing *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967) (footnote omitted)).

One such exception is the "exigent circumstances" doctrine. *DeSoto,* 885 F.2d at 368. "Exigent circumstances exist when there is a '"'compelling need for official action and no time to secure a warrant.'"'" *Id.* (quoting *United States v. Rivera,* 825 F.2d 152, 156 (7th Cir.) (quoting *Michigan v. Tyler,* 436 U.S. 499, 509, 98 S.Ct. 1942, 1949, 56 L.Ed.2d 486 (1978)), *cert. denied,* 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987)). For example, exigent circumstances exist where delay would endanger the lives of citizens. *See United States v. McNeal,* 77 F.3d 938, 945–46 (7th Cir.1996).

In the present case, it appears from Cooper's complaint that exigent circumstances may have been present to justify police officers' initial entry into Cooper's home. The officers had credible information, including information given by Cooper, that an injured child was somewhere inside Cooper's home. This alone would justify the officers' entry into Cooper's home to try to find the injured child.

It also appears from the face of Cooper's complaint that the officers may have returned to Cooper's house at a later time and conducted another search, at which time they found a gun. However, Cooper's complaint is very ambiguous on this issue.

In short, the court cannot determine from Cooper's complaint whether more than one search was conducted; when the search or searches were conducted; if a second search was conducted, whether it was done pursuant to a search warrant; and during which search, if more than one was conducted, the gun was found. As with the false imprisonment claim, Cooper's complaint does not give fair notice to defendants of the basis of his illegal search and seizure claim. *See Conley,* 355 U.S. at 47, 78 S.Ct. at 103 (quoting FED.R.CIV.P. 8(a)(2)).

Accordingly, the court finds that Cooper has failed to state a claim for illegal search

and seizure. However, since Cooper may be able to cure the defects in his claim, the court grants Cooper leave to amend his complaint to allege an illegal search and seizure claim in accordance with this opinion.

## III. *CONCLUSION*

For the foregoing reasons, the court grants the motion to dismiss of defendant Matt Rodriguez, and dismisses plaintiff Kevin Cooper's complaint against Rodriguez with prejudice. Rodriguez is dismissed as a defendant from this case.

The court also grants the motion to dismiss of defendants Ronald Smith, Marsha R. Askew, Darlene D. Wicht, Gregory Williamson, Joseph Lux, Robert Loughran, Bernard Pistello, and Debra Mzorek. Plaintiff Kevin Cooper's claims of cruel and unusual punishment and malicious prosecution are dismissed with prejudice. Cooper's claims of false imprisonment and illegal search and seizure are dismissed without prejudice, and Cooper is given leave to file an amended complaint within 20 days from the date of this opinion and in accordance with this opinion. Defendants are given 10 days thereafter to answer or otherwise plead.

