**Charles E. WILLIAMS, Plaintiff,**

v.

**The UNIVERSITY OF ILLINOIS, the University of Illinois Police Department, and Officers Traci Tuskey, Howard Bethel and Chief of Police Marie Tyse, Defendants.**

No. 96 C 3769.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 15, 1996.

---

Robert Thomas Edens, Schaumburg, Illinois, for Plaintiff.

Robert E. Arroyo, D. Scott Watson, Keck, Mahin & Cate, Chicago, Illinois, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12. For the reasons discussed hereafter, Defendants' motion is granted.

### I. BACKGROUND

Plaintiff Charles E. Williams is employed with Commonwealth Edison. In June of 1994, Williams was directed to notify homeowners near The University of Illinois[1] in Chicago that their electrical service would be temporarily interrupted.

A suspicious homeowner flagged down Defendant University of Illinois Police Officer Traci Tuskey. Officer Tuskey stopped and questioned Williams. Williams' employee identification card was in the company truck; Officer Tuskey escorted Williams to the truck to obtain the identification. Once at the truck, seven University of Illinois Police Department squad cars arrived. Officer Tuskey then proceeded to search Williams. Nothing "improper" was found.

Following the search, however, Officer Tuskey required Williams to accompany her to the University of Illinois jail. Williams was charged with disorderly conduct. At the direction of Officer Tuskey and Defendant

---

1. Although the University of Illinois was named as a defendant in this matter, it is not a suable entity. The proper party to be sued is the Board of Trustees of the University of Illinois. *See* 110 ILCS 305/1.

Officer Howard Bethel, Williams was detained and not released until bail was posted.

Williams subsequently brought a two-count complaint, alleging: (1) a violation of 42 U.S.C. § 1983; and (2) a state violation for false arrest and imprisonment.

## II. DISCUSSION

Defendants request dismissal of the complaint on the ground that the Eleventh Amendment grants immunity from suit in federal court. The Court agrees.

Williams, in response to Defendants' motion to dismiss, concedes that the Board of Trustees (captioned as "The University of Illinois") is immune from suit in federal court. *See Kroll v. Bd. of Trustees of Univ. of Illinois*, 934 F.2d 904 (7th Cir.1991).[2]

 Regarding The University of Illinois Police Department, the Court does not believe that—like virtually all city or local police departments—it is a suable entity. *See Reese v. City of Chicago Police Dep't*, 602 F.Supp. 441, 443 (N.D.Ill.1984). Rather, because the police department does not enjoy a separate legal existence independent of the university (or, more accurately stated, the Board of Trustees of the University of Illinois), it and the university/Board of Trustees are essentially one in the same. *See Ladien v. Bd. of Trustees, Univ. of Illinois*, No. 93–C–6573, 1994 WL 395078 *7 (N.D.Ill. July 27, 1994) (research division established by the Board of Trustees entitled to Eleventh Amendment immunity). Accordingly, as indicated above, as the Board of Trustees, it is immune from suit in federal court.

 Regarding the individual officers, each was sued only in his official capacity. Indeed, as stated in paragraph seven of the complaint:

Each and all of the acts of defendants alleged herein were committed by defendants, and each of them, *not as individuals*, but under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Illinois, the University of Illinois, and under the

authority of their office as police officers for said state and university.

A suit against an individual in his official capacity is a suit against the entity of which he is an agent. *Kroll*, 934 F.2d at 907. The entity of which the named officers are agents is, of course, the Board of Trustees of the University of Illinois. And, as noted above, the Board of Trustees is immune from suit in federal court.

## III. CONCLUSION

For the foregoing reasons, Williams' complaint is dismissed with prejudice against the Board of Trustees of the University of Illinois (which includes the university and the police department) and the named officers in their official capacities.

---

2. Keep in mind, there are exceptions to the Eleventh Amendment's grant of immunity, but none of the exceptions apply here.